*284
 
 Ruffin, C. J.
 

 There are two statutes making the laches of a mortgagor a bar to redemption. One was passed in 1826, and enacts, that the presumption of the abandonment of the right of redemption on mortgages generally, shall arise from the lapse of ten years after the forfeiture of. the mortgage, or last payment on it. That forms the 14th sec. of Rev. Stat. chap. 65, and has no application in this case. The other is the act of 1830, and forms the 17th sec. of the same Rev. Stat.; and it enacts, that, when a mortgagor of personal property shall fail to perform the conditions of the mortgage for the space of two years from the time of performance specified in it, or shall omit for that period after the forfeiture of the mortgage, to file a bill claiming the equitable right to redeem, such mortgagor shall be forever barred of all claim in equity to such personal property. The period of two years seems to be short, and, it may be feared, will not unfrequentty operate severely on the necessitous people, who are compelled to mortgage slaves. But, as the enactment stands, it concludes the plaintiff’s case, which is within its letter. It was argued on his behalf, that the case was taken out of the act by the subsequent dealings, whereby Carter obtained a surrender of the defea-sance, and, in effect, a release of the equity of redemption, by undue means, and without any consideration : constituting fraud and oppression on the plaintiff, amounting to a new and substantive ground of relief. It is not necessary to consider the proofs as to the consideration for the surrender, and the circumstances under which it was obtained ; because, allowing the facts to be as alleged by the plaintiifi the relief, in respect thereof, would be simply to put that transaction out of the plaintiff’s way, as being,, in itself, a bar to the redemption, to which he had an equity, according to the terms of the original mortgage, and .leave him to insist on that equity, if done in due time — that is, within two years from the
 
 1st
 
 of January, 3842. It may be, that the dealing for the equity of redemption in No
 
 *285
 
 vember, 1843, was such a recognition of it, as would au-thorise the time to be computed from that period.. Whether that be so, or not, is not now to be decided; for, supposing the affirmative, the bill would still be barred, since it was not filed for upwards of three years after that dealing. For, undoubtedly, the time fixed in the statute as a bar to redemption, in the case of an express mortgage, specifying a day of forfeiture, is also to be applied to a right of redemption, arising by construction of a Court of Equity, and the time must be computed from the accruing of the right to sue. The Court of Equity can no more disregard a statute of limitation and repose, than a Court of Law can.
 

 Per Curiam. Bill dismissed with costs.